1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7 BOBBY LEE DICKERSON, JR.,

8                                    Plaintiff,          Case No. C18-652 TSZ-BAT

9          v.

10 STATE OF WASHINGTON, et al.,              REPORT AND RECOMMENDATION

11                                    Defendants.

12

13          Plaintiff Bobby Lee Dickerson, Jr., is currently confined at the King County Jail. On May

14 2, 2018, he submitted for filing a proposed § 1983 civil rights complaint. Dkt. 1. Because

15 plaintiff did not pay the filing fee or submit an application to proceed *in forma pauperis*, he was

16 advised he must either pay the filing fee or submit an *informa pauperis* by June 4, 2018, or the

17 case may be dismissed. Dkt 2. Plaintiff is a frequent litigator. He is aware of the filing fee

18 requirement, and that he is subject to the three strike rule under 28 U.S.C. § 1915(g). His

19 complaint is unintelligible and sets forth no claim upon which relief may be granted;

20 furthermore, the complaint cannot be cured by amendment. The Court accordingly recommends

21 the complaint be dismissed with prejudice for the reasons below.

22          First, plaintiff has neither paid the filing fee nor moved to proceed *in forma pauperis*.

23 Since submitting the initial complaint, plaintiff has had no communication with the Court in this

REPORT AND RECOMMENDATION
PAGE - 1

1    matter.

2        Second, under 28 U.S.C. § 1915(g), a prisoner such as plaintiff who brings three or more

3    civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be

4    precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is

5    under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court's records

6    establish plaintiff has filed at least three prior civil actions *in forma pauperis* which were

7    dismissed for failure to state a claim upon which relief may be granted. *See Dickerson v.*

8    *Satterburg*, C09-1279-RSM (dismissed Oct. 22, 2009); *Dickerson v. Bals*, C09-1419-JCC

9    (dismissed Jan. 14, 2010); *Dickerson v. RJC King County Jail*, C09-1508-JCC (dismissed Jan.

10   14, 2010). Plaintiff therefore may not proceed in this case without prepayment of the full filing

11   fee, absent a showing that he was "under imminent danger of serious physical injury," at the time

12   he signed his civil rights complaints, an allegation missing from his proposed complaint. *See* 28

13   U.S.C. § 1915(g).

14       And third, the complaint fails to state a claim upon which relief may be granted. The

15   complaint names as defendants the State of Washington and "all state prosecutors in all 50

16   states." Dkt. 1 at 1. The complaint alleges:

17           Civil rights enforcement motion of violations of our 2nd
             Amendments, our treason enforced territories 18 U.S.C. § 241
18           (conspiracies and damages 6 to 30 years, Death Reconstruction Era
             Law, Racketeering money laundering human trafficking abducting
19           kidnapping mail and wire fraud perjury travel act fraud combat act
             fraud seizure of all their properties aiding and abetting with known
20           terrorists honest bribery fraud monologue fraud seizure of 401K
             plans illegal soul harboring tearing souls out coercion illegal
21           wiretaps covert patrols illegal steakouts noted for docket 4-18-2018
             Thursday Comes now Bobby Lee Dickerson, Jr. et al., comes before
22           the Honorable United States District court for the Western District
             of Washington at Seattle Issuance pursuant with this motion of
23

REPORT AND RECOMMENDATION
PAGE - 2

1
2
3
4
5

violations of . . . our 2nd Amendment Our treason enforced Territories, 18 U.S.C. § 241-conspiracies and damages 6 to 30 years death reconstruction era law, racketeering, money laundering and human trafficking, abducting kidnapping mail and wire fraud perjury travel act fraud combat act fraud seizure of all properties aiding and abetting with known terrorist honest bribery fraud monologue fraud seizure of 401K plans illegal soul harboring tearing souls out, coercion illegal wiretap covert patrol illegal steakouts.

6   Dkt. 1 at 1. Under the Prison Litigation Reform Act, the Court is required to screen prisoner

7   complaints and dismiss them *sua sponte* if the complaints are "frivolous, malicious, or fail[ ] to

8   state a claim." 28 U.S.C. § 1915A. The complaint here is unintelligible and does not state a claim

9   upon which relief may be granted. Additionally no amendment can cure this complaint.

10  Accordingly, leave to amend should not be granted, and matter should be dismissed at this point.

11  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

12       In conclusion the Court should dismiss the case because plaintiff has not paid the filing

13  fee or pled sufficient facts to overcome the three strikes bar and proceed *in forma pauperis*. More

14  importantly, the complaint submitted is unintelligible, fails to state a claim upon which relief

15  may be granted, and no amendment can cure it.

16       If plaintiff objects to this report and recommendation, he must file his objections, limited

17  to eight pages, with the Clerk by **June 21, 2018**.  Failure to file objections within the specified

18  time may affect your right to appeal. The Clerk shall note the matter for **June 22, 2018**, as ready

19  for the District Judge's consideration.

20       DATED this 7th day of June, 2018.

21

22                                          _____
                                            BRIAN A. TSUCHIDA
23                                          United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3